UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION

Case No. 5:20-CV-0070

| | | |
|---|---|---|
| SUNBELT RENTALS, INC., | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL GUZMAN, JESSICA | ) | DEFENDANTS' MEMORANDUM IN |
| GUZMAN, and SECOND LIFE | ) | SUPPORT OF MOTION TO DISMISS FOR |
| EQUIPMENT, LLC, | ) | FAILURE TO JOIN NECESSARY PARTIES |
| Defendants. | ) | |
| _____ | ) | |

NOW COME Defendants, Michael Guzman ("Guzman") and Second Life Equipment, LLC ("Second Life," collectively "Defendants"), by and through undersigned counsel, in support of their Motion pursuant to Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure to dismiss this action for Plaintiff's failure to join JCB Co. Ltd. as a necessary party, state as follows:

## Argument

The Court should dismiss this case against Defendants for the Plaintiff's failure to join JCB Co. Ltd. as a necessary party. Rule 12(b)(7) of the Federal Rules of Civil Procedure permits the Defendants to assert this defense pursuant to Rule 19(1), which provides in part that:

(1) *Required Party.* A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction **must** be joined as a party if:
(A) in that person's absence, the court cannot accord complete relief among existing parties; or

(B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

1

> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>
> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest. Fed. R. Civ. P. 19(a)(1)(emphasis added).

"If a person who is required to be joined if feasible cannot be joined, the court must determine whether, in equity and good conscience, the action should proceed among the existing parties or should be dismissed." Fed. R. Civ. P. 19(b). See also Haworth, Inc. v. Janumpally, Case No. 5:17cv423, p. 33 (Aug. 20, 2018, E.D. N.C.).

The Plaintiff alleges that the Defendants "misappropriated Sunbelt's property for their own commercial and personal benefit" (Compl. ¶ 76), which Defendants have denied. The Plaintiff further alleges that Mr. Guzman "fraudulently altered Sunbelt's financial records to appear that assets were sold pursuant to a vendor through a trade package agreement" (id. at ¶ 83). Defendants deny those allegations as well. The Plaintiff further alleges that JCB is a vendor whose accounts have been affected. The terms of the Annual Program Agreement between Plaintiff and JCB, which generally governs the disposal of/ sale back to vendor equipment previously purchased by the Plaintiff, stipulate that with respect to the sale back options, title passes to JCB on the date an invoice is sent to JCB, who assumes the risk of ownership.

The Court should require the Plaintiff to name JCB as a necessary party. To the extent the Plaintiff cannot establish title to the equipment at issue in this case, which it cannot, JCB should be named as an additional party. JCB is most certainly a "person [who] claims an interest relating to the subject of the action" as defined by Rule 19. Failure to join JCB as a necessary party leaves the Defendants theoretically or potentially exposed to a "substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of JCB's interest."

WHEREFORE, Defendants respectfully requests that the Court:

1. Enter an Order permitting JCB Co. Ltd. to be named as a necessary party; and

2. Grant such other and further relief as the Court deems appropriate, including but not limited to naming any other parties similarly situated to JCB.

This the 12th day of July 2020

Respectfully submitted,

/s/ *Terry C. Frank*
Terry C. Frank (N.C. Bar No. 31532)
RADIANT LEGAL & CONSULTING PLLC
2920 W. Broad Street #11Richmond, VA 23230
Tel: (804) 477-4955
Fax: (844) 906-2455
tfrank@radiantlegal.com
*Attorney for Defendants*

## CERTIFICATE OF SERVICE

This is to certify that the foregoing **MEMORANDUM IN SUPPORT OF MOTION TO DISMISS FOR FAILURE TO JOIN NECESSARY PARTIES** was filed on July 12, 2020 with the Court using the CM/ECF system which will automatically send notice of the same to the following:

>Jami Jackson Farris (N.C. Bar No. 26915)
>jamifarris@parkerpoe.com
>Eric A. Frick (N.C. Bar No. 49212)
>erikfrick@parkerpoe.com
>PARKER POE ADAMS & BERNSTEIN LLP
>401 S. Tryon St., Suite 3000
>Charlotte, NC 28202
>Tel: (704) 372-9000
>Fax: (704) 334-4706

>/s/ *Terry C. Frank*
>Terry C. Frank (N.C. Bar No. 31532)
>RADIANT LEGAL & CONSULTING PLLC
>2920 W. Broad Street #11Richmond, VA 23230
>Tel: (804) 477-4955
>Fax: (844) 906-2455
>tfrank@radiantlegal.com
>*Attorney for Defendants*

4