# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# CIVIL ACTION NO. 5:20-CV-00070-KDB-DSC

| | |
|---|---|
| SUNBELT RENTALS INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MICHAEL GUZMAN et. al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND RECOMMENDATION

**THIS MATTER** is before the Court on Defendants' "Motion to Dismiss for Failure to Join Necessary Parties" (document #14) and the parties' briefs and exhibits.

The Motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and is ripe for disposition.

Having fully considered the arguments, the record, and the applicable authority, the undersigned respectfully recommends that Defendants' Motion to Dismiss be <u>denied</u> as discussed below.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Accepting the factual allegations of the Complaint as true, Plaintiff Sunbelt is a commercial equipment and tool rental company. Defendant Michael Guzman was employed by Sunbelt since 2008. He served as Manager of Fleet Operations since May 2016. His duties included the disposal of used equipment by auction houses and sales through trade packages.

Beginning in June 2019, Guzman and his wife Jessica Guzman commenced a scheme to defraud Plaintiff utilizing Defendant Second Life Equipment LLC. Defendants used an online auction company to falsely represent that Second Life was the owner of the equipment and made sales to unapproved buyers. Defendants converted more than four million dollars in sales proceeds to their own use. Michael Guzman falsified financial records to show that non-party JCB Co. Ltd. had repurchased the used equipment as part of a vendor trade package.

On May 29, 2020, Plaintiff filed its Complaint asserting statutory claims under federal and state Racketeer Influenced and Corrupt Organizations Acts, 18 U.S.C. §§ 1961, et seq., N.C. Gen. Stat. § 75D; N.C. Gen. Stat. §1-538.2 for larceny, shoplifting, theft by employee, embezzlement, and obtaining property by false pretenses; and N.C. Gen. Stat. § 75-1.1, et seq., for unfair and deceptive trade practices. Plaintiffs also assert common law claims for unjust enrichment, fraud, fraudulent concealment, and conversion, as well as recovery under an alter ego theory.

On July 12, 2020, Defendants filed their Motion to Dismiss for Failure to Join Necessary Parties asserting that JCB Co. Ltd. is a necessary party.

## II. DISCUSSION

A Rule 12(b)(7) motion to dismiss addresses the failure to join a necessary party under Rule 19. Philips Med. Sys., Nederland, B.V. v. TEC Holdings, Inc., No. 3:19-CV-373-MOC-DCK, 2020 WL 3511601, at *2 (W.D.N.C. June 29, 2020). A Rule 12(b)(7) motion to dismiss requires a two-step inquiry. Id. First, the court must determine whether a party is "necessary" under Rule 19(a). If the party is necessary, "it must be ordered into the action so long as the joinder does not destroy the court's jurisdiction." Id. "Under the second step, 'when a party cannot be joined because it would destroy the court's jurisdiction, the court must decide whether the action can continue without the party, or whether the party is indispensable under Rule 19(b) and the action

must be dismissed.'" Id. "In general, federal courts are extremely reluctant to grant motions to dismiss based on nonjoinder, and dismissal will be ordered only when the defect cannot be cured and serious prejudice or inefficiency will result." RPR & Assocs. v. O'Brien/Atkins Assocs., P.A., 921 F. Supp. 1457, 1463 (M.D.N.C. 1995) (emphasis added).

The burden of showing that an absent party is necessary under Rule 19 is on the moving party. Am. Gen. Life & Accident Ins. Co. v. Wood, 429 F.3d 83, 92 (4th Cir. 2005). "The inquiry contemplated by Rule 19 is a practical one" left "to the sound discretion of the trial court." Coastal Modular Corp. v. Laminators, Inc., 635 F.2d 1102, 1108 (4th Cir. 1980). Pursuant to Rule 19(a), "[a] person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if" one of two provisions are met. See Fed. R. Civ. P. 19(a)(1). First, "in that [party's] absence, the court cannot accord complete relief among existing parties." Fed. R. Civ. P. 19(a)(1)(A). Second, the absent party "claims an interest relating to the subject of the action and . . . disposing of the action in the person's absence may . . . impair or impede the person's ability to protect the interest" or "leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1)(B).

Fed. R. Civ. P. 19(a)(1)(A), "focuses on the impact of nonjoinder on the parties to the action." U.S. Bank Nat'l Ass'n v. Sofield, No. 516CV00084RLVDSC, 2017 WL 2569740, at *7 (W.D.N.C. June 13, 2017) (citation omitted). "'Complete relief' is any relief that 'will effectively and completely adjudicate the dispute.'" Pettiford v. City of Greensboro, 556 F. Supp. 2d 512, 518 (M.D.N.C. 2008) (internal citation omitted). "'Complete relief' refers to relief as between the persons already parties, not as between a party and the absent person whose joinder is sought." Glob. Timber Prod., LLC v. Bethel & Co., Inc., No. 7:06-CV-61-FL, 2006 WL

8439106, at *4 (E.D.N.C. Dec. 7, 2006) (citing United States v. Arlington County, Va., 669 F.2d 925, 929 (4th Cir. 1982)).

Fed. R. Civ. P. Rule 19(a)(1)(B), focuses "on the impact of nonjoinder on the nonjoined party." Sofield, 2017 WL 2569740, at *7 (internal citation omitted). Importantly, the nonjoined party must be the one claiming an interest. See Philips Med. Sys., 2020 WL 3511601, at *3. It is well established that where the absent party has not claimed an interest, Rule 19(a)(1)(B) does not apply. See Am. Gen. Life & Acc. Ins. Co., 429 F.3d at 93; Polanco v. HSBC Bank USA Nat'l Ass'n, No. 3:17-CV 00466-GCM, 2019 WL 6999699, at *1 (W.D.N.C. Dec. 19, 2019). Rule 19(a)(1)(B) does not apply when a defendant attempts to assert an interest on an absent party's behalf. See Philips Med. Sys., 2020 WL 3511601, at *3.

Defendants have not met their burden under Rule 19(a)(1)(A) or Rule 19(a)(1)(B) to establish that JCB Co. Ltd. is a necessary party to this action. Plaintiff does not contend that JCB Co. Ltd. is liable or that it is entitled to any offset from JCB. Nor has JCB asserted any claim related to this action.

### III. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that Defendants' "Motion to Dismiss for Failure to Join Necessary Parties" (document #14) be **DENIED**.

### IV. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within fourteen days after service of same. Failure to file objections to this Memorandum with the District Court constitutes a waiver of the right to de novo review by

the District Judge.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005); Wells v. Shriners Hosp., 109 F.3d 198, 201 (4th Cir. 1997); Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989).  Moreover, failure to file timely objections will also preclude the parties from raising such objections on appeal.  Thomas v. Arn, 474 U.S. 140, 147 (1985); Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Wells, 109 F.3d at 201; Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation to the parties' counsel and to the Honorable Kenneth D. Bell.

**SO ORDERED AND RECOMMENDED**.

Signed: August 27, 2020

David S. Cayer
United States Magistrate Judge